IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KAREN CAMPBELL MCGAGH,** *Plaintiff,* v. **JUDITH CLAIBORNE ENSOR,** *Defendant.* | Civil No. 1:25-cv-02690-JRR |

## MEMORANDUM AND ORDER

On August 13, 2025,[1] *pro se* Plaintiff Karen Campbell McGagh initiated this action against Defendant Judge Judith Claiborne Ensor for violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. (ECF No. 1 at pp. 1, 21–27.) With the filing of her Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) and a Motion for Injunctive Relief (ECF No. 3).

Plaintiff's allegations concern Judge Ensor's actions while presiding over Plaintiffs' criminal proceeding in the Circuit Court for Baltimore County, resulting in Plaintiffs' conviction for making false statements to law enforcement officers and perjury by affidavit. (ECF No. 1 at p. 8 ¶¶ 45, 52, 62.) Specifically, Plaintiff alleges Judge Ensor made false statements, such as inaccurate portrayals and statements based on underlying false information, while presiding over Plaintiff's bench trial and sentencing, thus affecting Plaintiff's conviction and sentencing. *See, e.g., id.* ¶¶ 62–64, 102–108. As relief, Plaintiff seeks, among other things, a declaration of Plaintiff's innocence (with dismissal of all charges against her) and removal of the alleged false statements from the state court record.[2] *Id.* at pp. 28–29.

---

[1] Plaintiff's filings were docketed as of August 18, 2025.
[2] For clarity, the charges referred to are those for which Plaintiff was apparently convicted.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[3] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010), and *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The *Rooker–Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; 'rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court.'" *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). It "reflects and preserves that distribution of authority between the Supreme Court and lower federal courts." *T.M. v. Univ. of Maryland Med. Sys. Corp.*, 139 F.4th 344, 348 (4th Cir. 2025). "Under the *Rooker-Feldman* . . . doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Specifically, the doctrine is confined to cases that possess four characteristics: "those '[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments.'" *T.M.*, 139 F.4th at 350 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

---

[3] As such, jurisdictional issues may be raised at any time in the proceeding or *sua sponte* by the court. FED. R. CIV. P. 12(b)(1).

The court does not have jurisdiction to order the relief Plaintiff seeks. Plaintiff challenges the basis for her state court convictions and sentence (and ultimately her chances for success on appellate review) and complains of injuries caused by Judge Ensor's actions; Plaintiff asks this court to declare her innocent and dismiss the state criminal charges against her, which preceded initiation of this action. The success of Plaintiffs' various claims necessarily depends upon a determination that the state court proceeding, as presided over by Judge Ensor, was not based on proper findings of fact, relied on fabricated evidence, and/or were otherwise substantively and procedurally deficient, resulting in an erroneous outcome.

Plaintiff's claims here are inextricably intwined with the state court action and resultant outcome; therefore, this court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Luckett v. Kent*, No. 1:25-CV-02689-JRR, 2025 WL 2379132, at *1 (D. Md. Aug. 15, 2025) (concluding that the *Rooker-Feldman* doctrine barred plaintiff's claim that the presiding judge violated her constitutional rights); *Santini v. Rucker*, No. 1:23-CV-124 (PTG/LRV), 2023 WL 6541850, at *5 (E.D. Va. Oct. 5, 2023), appeal dismissed, No. 23-2180, 2024 WL 4784384 (4th Cir. Jan. 10, 2024) (characterizing plaintiff's claim that, *inter alia*, the judges in state court proceedings were biased against her as "essentially a direct appeal of state court judgments" and, as such, barred by *Rooker-Feldman*); *Chien v. Motz*, No. 3:18-CV-106 (MHL), 2019 WL 346761, at *5 (E.D. Va. Jan. 7, 2019), report and recommendation adopted, No. 3:18CV106, 2019 WL 346406 (E.D. Va. Jan. 28, 2019) (holding that *Rooker-Feldman* applied even where plaintiff asserted he was raising "novel statutory and constitutional claims" against the defendants because the "substance" of his arguments relied on the belief that a commissioner violated his rights).

Plaintiff may raise (and seemingly has raised) her alleged federal rights violations on appeal through the state court system. As explained by the Supreme Court, "[u]nder our system of dual sovereignty . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990). Importantly, Maryland law provides for appellate review of adverse circuit court decisions in the Maryland courts. MD. CODE ANN., CTS. & JUD. PROC. § 12-301.

Moreover, even if the *Rooker-Feldman* doctrine did not bar this court's exercise of jurisdiction, Plaintiff's claims nonetheless merit dismissal by operation of absolute judicial immunity.[4] "As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined." *Forrester v. White*, 484 U.S. 219, 225 (1988). Judges acting in their official capacities have absolute immunity in the exercise of judicial functions when there is no clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023). "Whether an act is judicial 'relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge.'" *Gibson*, 85 F.4th at 225 (quoting *Stump*, 435 U.S. at 362). Here, there can be no doubt that Judge Ensor's consideration of evidence in a bench trial and a criminal defendant's history at sentencing are classic judicial functions. And Plaintiff does not allege a basis that would support either exception, and, further,

---

[4] Plaintiff initiated this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits a litigant who is indigent to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Further still, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

appears to concede that judicial immunity bars her claims. (ECF No. 1 ¶¶ 13, 112.) Accordingly, Judge Ensor is immune from suit by operation of absolute judicial immunity.

For the reasons set forth above, it is this 18th day of August 2025,

**ORDERED** that the Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED**. Madam Clerk shall close this case and transmit a copy of this opinion and order to Plaintiff.

/S/

_____
Julie R. Rubin
United States District Judge